IN THE COURT OF CRIMINAL APPEALS


OF TEXAS







AP-76,182






IN RE FRANCISCO IBARRA, Relator



v.


WILLIAM R. HENRY, 428TH JUDICIAL DISTRICT COURT OF HAYS COUNTY,
Respondent






On Petition for a Writ of Prohibition to the

428th Judicial District Court of

Hays County





 Per Curiam. 


 Relator was charged with multiple counts of Aggravated Sexual Assault of a Child and
Indecency with a Child by Sexual Contact. Prior to trial, Relator filed a Designation of Expert
with the court, presenting Scott A. Siegel and Diana Garza Louis as his mental health experts.
The State subsequently filed a Motion to Order Defendant to Submit to Court Ordered
Psychological Examination or In the Alternative Motion in Limine to Exclude Results of
Defendant's Psychological Examination. On April 28, 2008 and on November 6, 2008, the trial
court entered orders requiring Relator to submit to a state sponsored psychological examination. 

 Relator sought leave of this Court to file a writ of prohibition to prevent the trial court
from enforcing this order. Relator contended that his experts were submitted-not regarding sanity
or competency to stand trial-but rather for the purposes of general mitigation, punishment, or
other psychological testimony. On July 1, 2009, this Court ordered the parties to submit briefs
addressing whether Lagrone v. State (1) applies to non-death penalty cases, and if so, whether the
pre-trial order at issue is authorized by Lagrone. 

 Relator argues to this Court that the principles set forth in Lagrone do not extend to non-death penalty cases, and requests that this Court prohibit the trial court from enforcing its order.
The State contends that the substantive issue of whether Lagrone applies to non-death penalty
cases is irrelevant, since a writ of prohibition is not the appropriate avenue for this matter, and
thus Relator is procedurally barred from relief.

 Recently, in In re Simon, (2) this Court addressed the same issue. (3) We concluded that "the
issue [of whether Lagrone applies to non-death penalty cases] is-at best-an "unsettled" legal
question." (4) We further stated that "[i]n granting the State's motion in this case, the trial court
exercised a manifestly judicial (and not a ministerial) function. Such an 'accomplished judicial
act' is not subject to the extraordinary remedy of prohibition." (5) Accordingly, we hold that the
order compelling Relator to submit to a State-sponsored psychiatric examination, is a "manifestly
judicial" act, and that a writ of prohibition is the improper procedural channel for prohibiting the
trial court's actions.

 For the reasons provided in Simon, we deny the relief that Relator seeks.


January 27, 2010.

Do Not Publish.
1. 942 S.W.2d 602, 611-12 (Tex. Cr. App. 1997) (Lagrone expanded the proposition established in Soria v.
State, 933 S.W.2d, 46 (Tex. Cr. App. 1996), that "once a defendant has executed a limited waiver of the Fifth
Amendment's protection by constructively testifying through an expert on the issue of future dangerousness, the trial
court may order that defendant to submit to a state-sponsored future dangerousness examination" to "order criminal
defendants to submit to a state-sponsored psychiatric exam on future dangerousness when the defense introduces, or
plans to introduce, its own future dangerousness expert testimony") (emphasis in original).
2. 2009 Tex. Cr. App. LEXIS 1609 (Tex. Cr. App. 2009, delivered November 18, 2009).
3. Relator in Simon argued that "the trial court's order impinges upon his Fifth and Fourteenth Amendment
right to be free from compelled self-incrimination." Simon, 2009 Tex. Cr. App. LEXIS 1609, at *2. While the issue
is the same as the case at bar, we wish to note that Relator in Simon was on trial for the offense of capital murder,
and the mental health expert's purpose in examining Relator was "in regards to [his] mental state and the
voluntariness of his confession." Simon, 2009 Tex. Cr. App. LEXIS 1609, at *1. In this case, while the precise
reasons for Relator's Designation of Expert remain unclear, the factual distinctions between the two are irrelevant,
since both are properly resolved on procedural grounds.
4. Simon, 2009 Tex. Cr. App. LEXIS 1609, at *7.
5. Simon, 2009 Tex. Cr. App. LEXIS 1609, at *8 (emphasis in original).